**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARIE LILLY,** **INDIVIDUALLY AND AS A** **REPRESENTATIVE OF THE** **ESTATE OF EDNA SPELLS,** | § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **SSC HOUSTON SOUTHWEST** **OPERATING COMPANY LLC** **D/B/A WESTCHASE HEALTH** **AND REHABILITATION** **CENTER; AND TEXAS HOLDCO,** **LLC,** | § § § § § § § | **CIVIL ACTION NO. 4-20-cv-03478** |
| **Defendants** | | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AS TO ALL OF PLAINTIFF'S CLAIMS**
**BASED UPON THE PANDEMIC LIABILITY PROTECTION ACT**

Defendant SSC Houston Southwest Operating Company LLC d/b/a Westchase Health and Rehabilitation Center ("Westchase" or "Defendant"), moves the Court for a summary judgment dismissing this action, in its entirety and with prejudice, pursuant to Federal Rule of Civil Procedure 56. Westchase asserts that the Pandemic Liability Protection Act enacted on June 14, 2021 precludes liability in this case.

## TABLE OF CONTENTS

I.     Nature and Stage of the Proceeding ............................................. **3**

II.    Statement of the Issues and Standard of Review ............................... **3 – 4**

III.   Summary of the Argument ...................................................... **6**

IV.    Summary Judgment Evidence ................................................... **6**

V.     Facts .......................................................................... **6**

   A.   This Lawsuit Seeks Recovery for Injuries Arising from Care,
Treatment, or Failure to Provide Care or Treatment Related to
COVID-19 ........................................................................ **6**

   B.   The Texas Pandemic Liability Protection Act Provides Broad
Protections from Liability Involving COVID-19 ................................ **8**

VI.    Argument and Authorities ...................................................... **10**

   A.   The Texas Pandemic Liability Protection Act Applies to this Case ...................... **11**

   B.   Westchase is a Health Care Provider under the Pandemic Liability
Protection Act ................................................................... **11**

   C.   Westchase Has Properly Asserted a Defense Under Section 74.155
of the Act ...................................................................... **12**

   D.   Summary Judgment is Mandated on Plaintiff's Claims Because
Westchase is Exempt from Liability under Section 74.155 of the Act ................. **13**

      1.   Section 74.155(b)(2) applies because Edna Spells was diagnosed
or reasonably suspected to be infected with COVID-19 at the
time of Westchase's care, treatment, or failure to provide care or
treatment ...................................................................... **14**

      2.   Section 74.155(b)(1) also applies because COVID-19 was a
producing cause of the care, treatment, or failure to provide care
or treatment that allegedly caused Edna Spells' injury or death ................... **17**

      3.   Plaintiff Cannot Meet its Burden of Proving Reckless,
Intentional, Willful, or Wanton Misconduct................................... **19**

VII.   Conclusion & Prayer .......................................................... **20**

Certificate of Conference ........................................................ **21**

Certificate of Service ........................................................... **21**

273696395v.1

## I.
### NATURE AND STAGE OF THE PROCEEDING

Plaintiff Edna Spells has sued Westchase Health and Rehabilitation Center ("Westchase") alleging that Westchase was negligent in the care, treatment, or failure to provide care or treatment relating to the death of Plaintiff's 91 year old mother, Edna Spells, who was a resident of Westchase and died of COVID-19 on April 25, 2020.

Texas law enacted eight months after this suit was filed, however, bars recovery on such claims against health care providers such as Westchase.  Specifically, on June 14, 2021 the Texas Pandemic Liability Protection Act (PLPA) was enacted, providing broad protections to health care providers, individuals, businesses and organizations from claims involving exposure to or treatment related to COVID-19.

Westchase moves for summary judgment because the PLPA precludes liability for all of Plaintiff's claims and provides Defendant with a shield from all liability in this case. This matter should, as such, be dismissed in its entirety, with prejudice.

## II.
### STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

The issues that are the subject of this Motion are: (a) Does the Texas Pandemic Liability Protection Act (PLPA) preclude liability in this case because of the shield from liability that it affords to health care providers for treatment related to or exposure to COVID-19?; and (b) Must summary judgment be granted on all claims asserted by Plaintiff?

The purpose of summary judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v.*

3

*Zenith Radio Corp.,* 475 U.S. 574, 578 (1986).  Summary judgment procedure is designed to isolate and dispose of factually and legally unsupported claims.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323024 (1986); *see* FRCP 56.  Summary judgment is proper if the movant shows that there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law.  FRCP 56(a); *Tolan v. Cotton,* 572 U.S. 650, 656-657 (2014); *Celotex,* 477 U.S. at 322.  The burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial.  *Celotex,* 477 U.S. at 324.  This burden is not a light one.  The nonmoving party must do more than simply show that there is some "metaphysical doubt" as to the material facts.  *Matushita,* 475 U.S. at 586.  In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.  *Anderson v. Liberty Lobby, Inc.*  477 U.S. 242, 252 (1986).

### III.
### SUMMARY OF THE ARGUMENT

Plaintiff's claims are precluded by the Texas Pandemic Liability Protection Act (PLPA), which protects health care providers and other individuals and entities from liability arising out of exposure to or treatment related to COVID-19.  Tex. Civ. Prac. & Rem. Code §§ 74.155(b), 148.003.

Plaintiff Edna Spells has sued Westchase alleging that Westchase was negligent in the care, treatment, or failure to provide care or treatment relating to the death of Plaintiff's 91 year old decedent, Edna Spells, who was a resident of Westchase and died of COVID-19 on April 25, 2020.  Among other things, the Plaintiff's Original Petition asserts that

273696395v.1

Westchase "failed to properly monitor and care for Edna Spells," completed a COVID-19 test on Edna Spells that came back positive, and that Edna Spells died of COVID-19. *See* Plaintiff's Original Petition, Dkt. 1-2. Plaintiff's expert reports contain similar allegations. *See* Ex. A, Expert Report of Christopher Davey, MD (Westchase "Failed to implement and follow an infection control program … [and] [f]ailed to provide the appropriate nursing care and service" resulting in Ms. Spells' death from COVID-19). Indeed, both experts designated by Plaintiff alleged COVID-19-related failures of the facility. *Id., see also* Exhibit B, Expert Report of David Farrell (listing various alleged failures to implement COVID-19 precautions).

Therefore, this case unquestionably involves an individual -- Edna Spells -- who Plaintiff alleges was diagnosed or reasonably suspected to be infected with COVID-19 at the time of the care, treatment, or failure to provide care or treatment that Plaintiff complains of. COVID-19 was also a producing cause of the care or treatment (or lack thereof) that allegedly caused Edna Spells' injuries.

Texas law, however, bars recovery on such claims against health care providers such as Westchase. On June 14, 2021, the Texas Pandemic Liability Protection Act was enacted, providing broad protections to individuals, businesses, and organizations from claims involving exposure to or treatment related to COVID-19.

Health care providers are specifically exempted from liability for claims where the individual was diagnosed with COVID-19 at the time of the care (or lack of care) at issue because the PLPA specifically states that "care treatment, or failure to provide care or treatment" related to COVID-19 specifically includes "screening, assessing, [or]

5

diagnosing" COVID-19, which Plaintiff specifically claims happened here.[1]  The PLPA also applies where COVID-19 was a producing cause of the care, treatment, or failure to provide care or treatment that caused the injury or death. This statutory defense squarely applies to Plaintiff's claims in this case.  Because Plaintiff's own allegations establish the existence of the defense and because Plaintiff cannot meet her burden of proving reckless, intentional, willful, or wanton conduct, summary judgment must be granted on all claims in this case, with prejudice.

## IV.
## SUMMARY JUDGMENT EVIDENCE

Although Plaintiff's allegations alone are sufficient to support summary judgment, Westchase's motion is also based on: (a) the expert reports of Plaintiff (Exhibits A and B); (b) Ms. Spells' Death Certificate (Exhibit C); and (c) Defendant's "specific facts" pertaining to its defense under the PLPA, which were served in accordance with Tex. Civ. Prac. & Rem Code Section 74.155, *et seq* and Tex. Civ. Prac. & Rem. Code Section 148.003, *et seq* on August 13, 2021 (Exhibit D).

## V.
## FACTS

**A.   This Lawsuit Seeks Recovery for Injuries Arising from Care, Treatment, or Failure to Provide Care or Treatment Related to COVID-19.**

Defendant operates Westchase Health and Rehabilitation Center ("Westchase"), a skilled nursing and rehabilitation facility in Houston, Texas.  *See* Plaintiff's Original

---

[1] "On April 20, 2020 Edna Spells had a COVID-19 test completed.  The results of the test came back positive on April 23, 2020."  (Plaintiff's Original Petition; Dkt. 1-2 ¶ 12).

6

Petition, Dkt. 1-2 ¶5.   According to Plaintiff Marie Lilly  --  one of Edna Spells' surviving daughters  --  Ms. Spells resided at Westchase from 2011 through 2020, where she received care and assistance with activities of daily living.   Dkt. 1-2 at ¶¶ 4, 8. However, in or about April 2020, while at Westchase, Edna Spells developed a cough. Dkt. 1-2 at ¶ 11.   On April 20, 2020 Ms. Spells "had a COVID-19 test completed," which "came back positive on April 23, 2020."   Dkt. 1-2 at ¶ 12.   Plaintiff contends that shortly after being diagnosed with COVID-19, Edna Spells' condition deteriorated and she was sent to Southwest Memorial Hospital.   Dkt. 1-2 at ¶ 13.   There, she was placed on a ventilator, but her condition continued to deteriorate, and she passed away on April 25, 2020 from COVID-19.   Dkt. 1-2 at ¶¶ 13-14.

Plaintiff filed this lawsuit against Westchase on September 11, 2020, in her individual capacity and on behalf of the estate of Edna Spells.   Dkt. 1-2 at ¶ 3.   Among other things, she contends that Westchase "failed to properly monitor and care for Edna Spells, which ultimately led to her exposure to COVID-19 and her contracting COVID-19." Dkt 1-2 at ¶ 10.   She claims that Westchase was negligent in failing to institute an infection control program, in failing to "observe, intervene, and care for" Edna Spells, and in "failing to provide the medical and nursing care reasonably required" for Ms. Spells' condition.   Dkt. 1-2 at ¶ 18.   She also alleges that Westchase was negligent in failing to adequately staff and fund the facility.   Dkt. 1-2 at ¶¶ 23-25.

On this basis, Plaintiff asserts claims for medical negligence, corporate negligence, and gross negligence against Westchase.   Dkt. 1-2 at ¶¶ 16-34.   She seeks to recover damages for past physical pain, mental anguish, disfigurement, physical impairment, and

medical expenses; funeral and burial expenses; and her loss of companionship, emotional pain, and mental anguish.  Dkt. 1-2 at ¶ 35.

In sum, Plaintiff seeks to hold Westchase liable for injuries arising from the care, treatment, or failure to provide care or treatment to Edna Spells resulting to her COVID-19 diagnosis and death, claims that are specifically precluded by the PLPA.

Simply put, Plaintiff's allegations require summary judgment here because they conclusively show that Westchase's defenses apply.  In other words, in order to ***prevail*** on her claims, Plaintiff necessarily must prove the same facts that also ***preclude*** her claims under the PLPA (i.e., that Westchase provided inadequate care resulting in Edna Spells' death from COVID-19).  Summary judgment must be granted.

**B.**    **The Texas Pandemic Liability Protection Act Provides Broad Protections from Liability Involving COVID-19.**

In a series of proclamations issued beginning on March 13, 2020, and effective through the present, Governor Greg Abbott declared that the COVID-19 pandemic has resulted in a state of disaster in Texas.  *See* Proclamation by the Governor of the State of Texas, Mar. 13, 2020; Proclamation by the Governor of the State of Texas, Aug. 29, 2021.[2]  Further recognizing the unprecedented complications and financial peril posed by the COVID-19 pandemic, the Texas Legislature enacted the Pandemic Liability Protection Act ("PLPA" or the "Act") on June 14, 2021, to protect health care providers,

---

[2] *See*
https://gov.texas.gov/uploads/files/press/DISASTER_covid19_disaster_proclamation_IMAGE_03-13-2020.pdf;
https://gov.texas.gov/uploads/files/press/DISASTER_renewing_covid19_disaster_proclamation_IMAGE_08-29-2021.pdf.

273696395v.1

individuals, businesses, and other organizations from liability for claims involving exposure to or treatment related to COVID-19.  *See* Liability for Certain Claims Arising During a Pandemic or Disaster Related to a Pandemic, 2021 Tex. Sess. Law Serv. Ch. 528 (S.B. 6) (2021).

In enacting the PLPA, the Legislature made express findings that the "frequency and severity of [COVID-19] cases . . . have severely taxed the physicians and health care providers . . . stressed the state's health care system, and created shortages of medical staff, therapeutics, hospital beds, testing equipment, and safety supplies[.]" Tex. S.B. 6 § 148.005(a)(2).  The Legislature further emphasized that **"protecting physicians and health care providers from unnecessary liability supports their efforts during a pandemic, including the COVID-19 pandemic[.]"** *Id.* § 148.005(a)(9).  (Bold added).

Based on these findings, the Legislature exempted health care providers from liability (except in cases of reckless, intentional, willful, or wanton misconduct) for claims for injury or death "relating to or impacted by" COVID-19, where the health care provider can show that the pandemic was a producing cause of the treatment or care at issue, or that the individual was diagnosed or suspected to be infected with COVID-19 at the time of the treatment or care at issue.  Tex. Civ. Prac. & Rem. Code § 74.155(b).  The PLPA includes additional protections for individuals, businesses, and organizations that provides that they are "not liable for injury or death caused by exposing an individual to a pandemic disease during a pandemic emergency" unless the claimant meets certain heightened proof requirements.  *Id.* § 148.003; *see also Fields*

9

*v. Tyson Foods, Inc.,* No. 6:20-CV-00475, 2021 WL 4302836, at *3 (E.D. Tex. Sept. 22, 2021) (dismissing claims against employer for allegedly exposing employees to COVID-19 for failure to state facts that meet the PLPA standards under Tex. Civ. Prac. & Rem. Code § 148.003); *Wazelle v. Tyson Foods, Inc.,* No. 2:20-CV-203-Z, 2021 WL 4145090, at *2 (N.D. Tex. Aug. 20, 2021) (concluding that plaintiffs' allegations failed to meet the PLPA standards).

The PLPA was signed into law on June 14, 2021 but applies retroactively to actions such as this one that were commenced on or after March 13, 2020 and in which judgment had not been entered as of the date the statute was enacted. S.B. 6 §§ 5(a), 6 (2021).

## VI.
## Argument and Authorities

Plaintiff's claims in this case are barred by the PLPA, which exempts health care providers from liability for claims involving COVID-19.  According to Plaintiff's own allegations, Edna Spells had contracted COVID-19 at the time of the care, treatment, or alleged failure to provide care or treatment at issue in this case.  As a result, Plaintiff's claims are barred pursuant to Tex. Civ. Prac. & Rem. Code § 74.155(b)(2).  Moreover, Plaintiff contends that COVID-19 was a producing cause of the care, treatment, or failure to provide the care or treatment that allegedly caused Edna Spells' death from COVID-19[3], and the claims are thus likewise barred pursuant to Tex. Civ. Prac. & Rem. Code § 74.155(b)(1).

---

[3] *See* Ms. Spells' Death Certificate (Exhibit C) which indicates that Ms. Spells' Immediate Cause of Death was "COVID 19 infection."

**A.      The Texas Pandemic Liability Protection Act Applies to this Case.**

The PLPA protects health care providers and other individuals and entities from liability arising out of exposure to or treatment related to COVID-19. Tex. Civ. Prac. & Rem. Code §§ 74.155(b), 148.003. The Act became effective upon its signing on June 14, 2021 and applies retroactively to "an action commenced on or after March 13, 2020, for which a judgment has not become final before the effective date of th[e] Act." Tex. S.B. 6 §§ 5(a), 6 (2021). The case at bar was commenced on September 11, 2020 and no final judgment has been entered. The PLPA therefore applies to this case.

**B.      Westchase Is a Health Care Provider under the Pandemic Liability Protection Act.**

Westchase is a skilled nursing and rehabilitation facility and thus qualifies as a "health care provider" under the Act. In fact, Plaintiff acknowledges that "Defendants are health-care providers licensed by the State of Texas to provide health care." Dkt. 1-2 ¶ 16; see *also id.* at ¶ 5 (alleging that Westchase "owned, managed, operated, supervised and/or staffed the rehabilitation center at which Edna Spells was a resident in 2011-2020").

Other sections of Chapter 74 of the C.P.R.C. (i.e., the Texas Medical Liability Act) also make it clear that facilities like Westchase are health care providers. Section 74.001(a)(12)(A)(vii) of the C.P.R.C. defines a "Health care provider" as "any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care, including: . . . a health care institution[.]" Section 74.001(a)(11)(J), in turn, states that a "Health care

11

institution" includes "a nursing home."   Indeed, "[a]s the Texas Supreme Court has explained, a nursing home provides a variety of services to its patients 'which include supervising daily activities; providing routine examinations and visits with physicians; providing dietary, pharmaceutical, and routine dental services; monitoring the physical and mental conditions of its residents; administering medications; and meeting the fundamental care needs of the residents.'"   *Ortiz v. St. Teresa Nursing & Rehab. Ctr., LLC,* 579 S.W.3d 696, 704 (Tex. App.  --  El Paso 2019, pet. denied) (quoting *Diversicare Gen. Partner, Inc. v. Rubio,* 185 S.W.3d 842, 849 (Tex. 2005)).  Because Westchase is a health care provider, it can assert a defense under Section 74.155 of the Act.

## C.   Westchase Has Properly Asserted a Defense Under Section 74.155 of the Act.

Westchase has met all conditions to asserting a defense under the Act.

Specifically, in an action commenced before the effective date of the Act (such as the case at bar) a health care provider must provide to a claimant specific facts that support an assertion under Subsection (b)(1) or (2) not later than the 60th day after the effective date of the Act.   *See* Tex. S.B. 6 §5(b)[4]; Tex. Civ. Prac. & Rem. Code § 74.155(g).

---

[4] Tex. S.B. 6 §5(b) states:

(b)  In an action commenced before the effective date of this Act and to which Section 74.155, Civil Practice and Remedies Code, as added by this Act, applies, a physician, health care provider, or first responder who intends to raise a defense under Subsection (b) of that section must provide to the claimant specific facts required under Subsection (g) of that section not later than the later of: (1) **the 60th day after the effective date of this Act**; (2) the 120th day after the date the physician, health care provider, or first responder files an original answer in the suit; or (3) the 60th day after the date the claimant serves an expert report on the physician, health care provider, or

12

Here, Westchase provided Plaintiff with Defendant's "specific facts" pertaining to its defense under the PLPA on August 13, 2021.  *See* Exhibit D and Dkt. 31.  This notice was timely, as it was served within 60 days of the effective date of the Act (June 14, 2021). Therefore, Westchase has met the requirements for asserting the defenses created by the PLPA.

**D.      Summary Judgment is Mandated on Plaintiff's Claims Because Westchase is Exempt from Liability under Section 74.155 of the Act.**

Section 2 of the PLPA, codified at Tex. Civ. Prac. & Rem. Code § 74.155, specifically exempts health care providers from claims relating to COVID-19, except those involving reckless, intentional, willful, or wanton misconduct. The provision states:

(b) Except in a case of reckless conduct or intentional, willful, or wanton misconduct, a physician, health care provider, or first responder ***is not liable for an injury,*** including economic and noneconomic damages, ***or death arising from care, treatment, or failure to provide care or treatment relating to or impacted by a pandemic disease*** or a disaster declaration related to a pandemic disease if the physician, health care provider, or first responder proves by a preponderance of the evidence that:

> (1)  a pandemic disease or disaster declaration related to a pandemic disease was a producing cause of the care, treatment, or failure to provide care or treatment that allegedly caused the injury or death; or

> (2)  the individual who suffered injury or death was diagnosed or reasonably suspected to be infected with a pandemic disease at the time of the care, treatment, or failure to provide care or treatment.

Tex. Civ. Prac. & Rem. Code § 74.155(b)(1)-(2) (emphasis added).

---

first responder under Section 74.351, Civil Practice and Remedies Code.   (Bold added).

13

Based on this provision, Westchase, a health care provider, is exempt from liability for Plaintiff's claims under both Subsections (b)(1) and (b)(2).  Based on Plaintiff's own allegations, Edna Spells had contracted COVID-19 at the time of Southwest's alleged treatment (or failure to provide treatment).  Moreover, Plaintiff firmly alleges, supported by expert testimony, that COVID-19 was a producing cause of the treatment (or failure to provide treatment) that caused Edna Spells' injuries and death.[5]  In addition, Section 148.003 provides an additional shield from liability because it precludes liability for injury or death caused by exposure to COVID-19. *See* Tex. Civ. Prac. & Rem. Code § 148.003; *Tex. Health Huguley, Inc. v. Jones,* 637 S.W.3d 202, 218 (Tex. App.  --  Fort Worth 2021, no pet.)(the PLPA provides a shield from liability).

> **1.    Section 75.155(b)(2) applies because Edna Spells was diagnosed or reasonably suspected to be infected with COVID-19 at the time of Westchase's care, treatment, or failure to provide care or treatment.**

Plaintiff's own allegations conclusively establish that her claims fall within the purview of Section 74.155(b)(2).  This section exempts health care providers from liability for claims where "the individual who suffered injury or death was diagnosed

---

[5] *See also* Exhibit C.

Westchase does not concede or admit Plaintiff's allegations.  Nevertheless, the allegations require summary judgment here because they conclusively show that Westchase's defense applies.  In order to ***prevail*** on her claims, Plaintiff necessarily must prove the same facts that also ***preclude*** her claims under the PLPA:  that Westchase failed to provide adequate care resulting in Ms. Spells' death from COVID-19.  As a result, Plaintiff's allegations cannot constitute a cause of action as a matter of law, and summary judgment is warranted. *Delgado v. Methodist Hosp.,* 936 S.W.2d 479, 483 (Tex. App.  --  Houston [14th Dist.] 1996, no writ).

273696395v.1

or reasonably suspected to be infected with a pandemic disease at the time of the care, treatment, or failure to provide care or treatment." Tex. Civ. Prac. & Rem. Code § 74.155(b)(2).

First, by definition, Plaintiff's claims involve acts of *negligence* and not acts "of reckless conduct or intentional, willful, or wanton misconduct." Tex. Civ. Prac. & Rem. Code § 74.155(b). Indeed, Plaintiff bases her claims on Westchase's alleged negligent "failure to meet the standard of care" and not on reckless or intentional actions. Dkt. 1-2 ¶¶ 20, 31.

Moreover, Plaintiff's own allegations conclusively establish the defense. Among several items enumerated in the PLPA, "care treatment, or failure to provide care or treatment" includes "***screening, assessing, diagnosing***, or treating an individual who is infected or suspected of being infected with a pandemic disease." Tex. Civ. Prac. & Rem. Code § 74.155(d)(1) (emphasis added). In other words, the COVID-19 test administered to Edna Spells on or about April 20, 2020 by explicit statutory definition establishes the defense because a COVID test constitutes "care, treatment, or failure to provide care or treatment relating to or impacted by a pandemic disease or a disaster declaration related to a pandemic disease."[6]

In addition, Plaintiff alleges that, after testing positive for COVID-19 "Edna Spells was sent to Southwest Memorial Hospital," placed on a ventilator, and ultimately died of COVID-19. Dkt. 1-2 at ¶¶ 12-14. Plaintiff contends that Westchase caused Edna Spells'

---

[6] *See* Dkt. 1-2 at ¶ 12; and Exhibit D (Defendant's "specific facts") at ¶ 11.

273696395v.1

injuries and death by failing, among other things, to "properly monitor and care for Edna Spells"; failing to "observe, intervene, and care for Edna Spells"; failing to provide the medical and nursing care reasonably required for her known conditions; failing to provide the appropriate supervision and training for its staff; and failing to provide adequate funding and staffing at the facility. *Id.* §§ 10, 18, 30. All of these actions fall within the definition of "care, treatment, or failure to provide care or treatment" set forth in the PLPA, which in addition to "screening, assessing, diagnosing, or treating" an individual with COVID-19 also includes "acts and omissions caused by a lack of personnel or staffing." *See* Tex. Civ. Prac. & Rem. Code § 74.155(d)(1), (8).

Plaintiff further alleges that Westchase's failure to prevent Ms. Spells' exposure to COVID-19 and to provide adequate care in treating her injuries from the virus was "a proximate cause" of her damages, specifically her death from COVID-19. Dkt. 1-2 at ¶¶ 20, 31; *see also id. at* ¶¶ 14-15; *see also* Exhibit C.[7]

---

[7] Proximate cause requires "cause in fact and foreseeability," whereas a "producing cause is a substantial factor which brings about the injury without which the injury would not have occurred." *Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472, 477, 481 (Tex. 1995). In other words, "proof of *proximate* cause entails a showing that the [incident] was foreseeable, while proof of *producing* cause does not." *Gen. Motors Corp. v. Saenz,* 873 S.W.2d 353, 357 (Tex. 1993)(emphasis added). Because Plaintiff has alleged that Edna Spells' exposure to COVID-19 and Westchase's negligence in failing to care for her are the *proximate* cause of her injuries and death, she cannot show that those same factors are not also a *producing* cause of those injuries. As a result, Plaintiff cannot rely on the exception to the defense under Section 74.155(c), because her own allegations preclude her from proving "by a preponderance of the evidence that the respective diagnosis, treatment, or reasonable suspicion of infection with a pandemic disease at the time of the care, treatment, or failure to provide care or treatment was ***not a producing cause of*** [Edna Spells'] injury or death." Tex. Civ. Prac. & Rem. Code § 74.155(c) (emphasis added).

16

Finally, Plaintiff has taken the firm position by way of her sole retained experts that COVID-19 caused Ms. Spells' death, and that breaches of the standard of care related to COVID-19 precautions proximately caused Ms. Spells' death.

Accordingly, no question of fact exists on Westchase's ability to establish a defense under Section 74.155(b)(2)—namely, that Edna Spells was diagnosed or reasonably suspected to be infected with COVID-19 at the time that Westchase allegedly failed to provide care or treatment. *See* Dkt. 1-2 ¶¶ 10-14, 18. Based on the unrefuted evidence and Plaintiff's own allegations, Plaintiff's claims are barred as a matter of law, and summary judgment is proper. *See Delgado,* 936 S.W.2d at 483 ("Summary judgment is proper where the plaintiff's allegations cannot constitute a cause of action as a matter of law.").

**2.      Section 75.155(b)(1) also applies because COVID-19 was a producing cause of the care, treatment, or failure to provide care or treatment that allegedly caused Edna Spells' injury or death.**

Westchase is also entitled to summary judgment under Section 74.155(b)(1) because COVID-19 "was a producing cause of the care, treatment, or failure to provide care or treatment that allegedly caused the injury or death." Tex. Civ. Prac. & Rem. Code § 74.155(b)(1).

Plaintiff's own allegations once again establish the defense. She avers that Westchase failed to provide the care and treatment necessary to prevent Edna Spells' exposure to COVID-19, as well as the care needed to treat the conditions caused by the virus. Dkt. 1-2 ¶¶ 10-14. Among other things, Westchase failed to "properly monitor and care for Edna Spells"; failed to "observe, intervene, and care for Edna Spells"; failed

to provide the medical and nursing care reasonably required for her known conditions; failed to provide the appropriate supervision and training for its staff; and failed to provide adequate funding and staffing at the facility. *Id.* §§ 10, 18, 30. This conduct, according to Plaintiff, was "a proximate cause" of Edna Spells' damages. Dkt. 1-2 ¶¶ 20, 31; *see also id.* at ¶¶ 14-15.

As noted above, "proof of *proximate* cause entails a showing that the [incident] was foreseeable, while proof of *producing* cause does not." *Gen. Motors Corp.,* 873 S.W.2d at 357 (emphasis added). Because Plaintiff's entire lawsuit is based on injuries whose "proximate cause" is COVID-19[8] and Westchase's care and treatment (or lack thereof) related to COVID-19, she cannot now dispute that "a pandemic disease . . . was a producing cause of the care, treatment, or failure to provide care or treatment that allegedly caused [Edna Spells'] injury or death." Dkt. 1-2 ¶¶ 20, 31;  Tex. Civ. Prac. & Rem. Code § 74.155(b)(1).

Plaintiff's expert's theories pertaining to Plaintiff's death relate almost entirely to COVID-19 precautions and alleged deficiencies by the facility. Dr. Davey contends that Westchase:

- Failed to follow protocol for COVID-19 screening and precautions;

- Failed to implement and follow an infection prevention policy and procedure;

- Failed to implement and follow an infection control program;

- Failed to provide appropriate nursing care and service;

---

[8] *See* Ms. Spells' Death Certificate (Exhibit C) which indicates that Ms. Spells' Immediate Cause of Death was "COVID 19 infection."

18

- Failed to monitor Ms. Spells for complications of COVID infection; and

- Failed to implement a care plan specific for Ms. Spells that included COVID-19 interventions.

**Ex. A,** Report of Davey at 3-7.

Because no question of fact exists on the defense pursuant to Section 74.155(b)(1), Westchase is exempt from liability and summary judgment is proper on all of Plaintiff's claims.

### 3. Plaintiff Cannot Meet its Burden of Proving Reckless, Intentional, Willful, or Wanton Misconduct.

Because Westchase has demonstrated that both Sections 74.155(b)(1) and (b)(2) apply to preclude liability, the burden now shifts to Plaintiff to prove that there was reckless, intentional, willful, or wanton conduct.

Specifically, Plaintiff must designate specific facts demonstrating the existence of genuine issues for trial. *Celotex,* 477 U.S. at 324. This burden is not a light one. Plaintiff must do more than simply show that there is some "metaphysical doubt" as to the material facts. *Matushita,* 475 U.S. at 586. Rather, she must come forth with evidence from which a jury could reasonably render a verdict in her favor. *Anderson,* 477 U.S. 242, 252 (1986).

Simply put, Plaintiff cannot demonstrate:

- Reckless conduct by Westchase proximately causing the injuries in question;

- Intentional conduct by Westchase proximately causing the injuries in question;

- Willful conduct by Westchase proximately causing the injuries in question; or

19

- Wanton misconduct by Westchase proximately causing the injuries in question.

Plaintiff's claims should be dismissed in their entirety.

## VII.
### CONCLUSION & PRAYER

The Pandemic Liability Protection Act applies to Plaintiff's claims. The foundation of Plaintiff's claims is that Defendant was negligent in the care, treatment, or failure to provide care or treatment relating to the death from COVID-19 of Plaintiff's 91 year old decedent. As such, this lawsuit falls squarely within the protections afforded by the PLPA. Plaintiff's claims should therefore be dismissed on summary judgment, Defendant is shielded from liability, and Defendant prays that summary judgment be granted dismissing all of Plaintiff's claims, with prejudice.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

By:___*/s/ Lori D. Proctor*_____
Lori D. Proctor
*Attorney in Charge*
State Bar No. 16682400
Federal Bar No. 10819
Lori.Proctor@wilsonelser.com
J. Jonathan Hlavinka
State Bar No. 09733250
Federal Bar No. 13488
909 Fannin Street, Suite 3300
Houston, TX 77010
(713) 353-2000 – Phone
(713) 785-7780 – Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that we have conferred with counsel for Plaintiff regarding the substance of the relief requested in this Motion and Plaintiff's counsel has indicated that he is opposed to this motion. He so indicated via electronic mail on July 21, 2022.

*/s/ Lori D. Proctor*
Lori D. Proctor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 28th day of July, 2022.

*/s/ Lori D. Proctor*
Lori D. Proctor